**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MARIANA AYALA MALDONADO,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**MARKWAYNE MULLIN, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-11917 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Mariana Ayala Maldonado, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey ("Delaney Hall"). (ECF No. 1).

2. Respondents oppose the Petition. (ECF No. 7).

3. Petitioner is a citizen of Honduras. (ECF No. 7-1 at 1). She entered the United States in 2005. (ECF No. 1 ¶ 15).

4. She was placed into removal proceedings, and an immigration judge ordered Petitioner removed *in absentia* on June 22, 2005. (*Id.* ¶ 17; ECF No. 7-2 at 2).

5. Petitioner was detained by ICE on September 11, 2026. (ECF No. 1 ¶ 26).

6. Petitioner filed her Petition on September 12, 2026 arguing that her removal was not reasonably foreseeable and that "[t]he June 22, 2005 order does not on its face supply present authority to detain Petitioner … ." (ECF No. 1 ¶¶ 37, 46).

7. Respondents assert that Petitioner is properly detained pursuant to 8 U.S.C. § 1231(a) because she has a final order of removal. (ECF No. 7 at 2).

8. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

9. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when she filed the Petition, and she asserts that her continued detention violates due process. Therefore, this Court has habeas jurisdiction over her claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

10. Petitioner states that she intends to file a motion to reopen her removal proceedings. (ECF No. 1 ¶ 27). A noncitizen "who has filed a motion to reopen immigration proceedings for consideration of relief from removal ... shall remain subject to the provisions of [this regulation interpreting § 1231] unless the motion to reopen is granted." 8 C.F.R. § 241.4(b)(1). Since there is no indication that the motion to reopen has been filed or granted, Petitioner's detention is governed by § 1231.[1]

11. Section 1231 states in relevant part that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day

[1] This Court notes that the Form I-213 that Respondents submitted in opposition to the Petition refers to "Genaro Ayala Maldonado" and states that Petitioner was taken into custody on December 1, 2025. (ECF No. 7-1 at 2). Petitioner points out several other discrepancies. (ECF No. 8 at 1-2). Despite these irregularities, this Court is satisfied that Petitioner has a final order of removal because she concedes that she was ordered removed *in absentia* on June 22, 2005. (ECF No. 1 ¶ 17).

detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)).

12. "The removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order. (iii) If the [noncitizen]is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B).

13. Petitioner's removal order became administratively final on July 22, 2005. The removal period expired 90 days later on October 20, 2005. Accordingly, Petitioner's detention is no longer mandatory pursuant to § 1231.

14. After the mandatory detention period, § 1231 authorizes detention of a noncitizen subject to a final order of removal "for a period *reasonably necessary* to secure the [noncitizen's] removal." *Zadvydas*, 533 U.S. at 682 (emphasis in original). The presumptively permissible timeframe for post-removal-period detention is six months, and "[d]ue process rights may be implicated where ... there is no significant likelihood of removal in the reasonably foreseeable future." *Cepeda v. I.N.S.*, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citing *Zadvydas*, 533 U.S. at 701).

15. "Although the Supreme Court established a six-month period of presumptively reasonable detention, it did not preclude a detainee from challenging the reasonableness of his detention before such time." *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395 (D.N.J. 2025); *see also Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-

month presumption is not a bright line, ... and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits."); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The six-month *Zadvydas* presumption is just that—a presumption ... not a prohibition on claims challenging detention less than six months." (internal quotation marks omitted)); *Cesar v. Achim*, 542 F. Supp. 2d 897, 903 (E.D. Wisc. 2008) ("The *Zadvydas* Court did not say that the presumption is irrebuttable, and there is nothing inherent in the operation of the presumption itself that requires it to be irrebuttable.")

16. Petitioner argues that her removal is not reasonably foreseeable because she intends to file a motion to reopen, and her removal will be stayed while that motion is under consideration. (ECF No. 1 ¶ 37 (citing 8 C.F.R. 1003.23(b)(4)(ii)).

17. Petitioner states that it is her intention to file a motion to reopen her removal proceedings; she has not asserted that the motion was filed. (ECF No. 1 ¶ 27).

18. Petitioner also challenges Respondents' assertion that they have travel documents for her, (ECF No. 8 at 3), but she has the burden of showing that her removal is not likely in the reasonably foreseeable future. *See Munoz-Saucedo*, 789 F. Supp. 3d at 395 ("[I]f a detainee provides 'good *reason* to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the government must respond with *evidence* sufficient to rebut that showing." (emphasis in original)); *see also Zadvydas*, 533 U.S. at 701.

19. This Court concludes that Petitioner has not made that showing, and "therefore cannot show that [her] continued detention under § 1231(a) is unlawful." *Calle Guaman v. Soto, et al.*, No. 26-cv-1783, 2026 WL 811353, at *2 (D.N.J. Mar. 24, 2026).

20. Accordingly, this Court will deny the Petition without prejudice.[2] Any restrictions on Petitioner's location will be lifted.

21. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: September 29, 2026

[2] This Court notes that its decision is limited to the facts alleged in the Petition and expresses no opinion as to whether petitioner may be able to make out a prolonged detention claim or other challenge to her detention in the future.